**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50077 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00941-AHM |
| v. | |
| MARCELO RIVERA IBARRA, a.k.a. Manuel Delgado-Hugo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Marcelo Rivera Ibarra appeals from the 60-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

Stated following deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Ibarra contends that the district court procedurally erred by failing to appreciate its discretion to vary from the advisory Sentencing Guidelines range on policy grounds and by failing to explain why it rejected his policy arguments concerning U.S.S.G. § 2L1.2(b)(1)(A). The record belies these contentions. The court considered Ibarra's arguments and explained the sentence sufficiently to permit meaningful appellate review. *See United States v. Carty*, 502 F.3d 984, 992 (9th Cir. 2008) (en banc).

Ibarra further contends that his sentence is substantively unreasonable in light of the asserted deficiencies in section 2L1.2(b) and other sentencing factors. We consider policy arguments like Ibarra's within the context of consideration of the reasonableness of the final sentence. *See United States v. Barsumyan*, 517 F.3d 1154, 1158-59 (9th Cir. 2008). The record reflects that Ibarra's sentence, ten months below the advisory Sentencing Guidelines range, is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**